IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JORGE GUZMAN § | |
|     Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. EP15CV0097 |
| § | |
| MARCELO MORA, VICTOR PEREA § | |
| AND VRP TRANSPORTATION, INC. § | |
|     Defendants § | |

**PLAINTIFF'S OPPOSED MOTION TO REMAND CASE TO STATE COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Jorge Guzman, Defendant, filing this Motion to Remand Case to State Court and in support of same would respectfully show as follows:

## I.
## INTRODUCTION

1. On July 29, 2014, Plaintiff Jorge Guzman filed Plaintiff's Original Petition naming Marcelo Mora, Victor Perez, and VRP Transportation Inc., as the defendants.

2. Defendants, Marcelo Mora, Victor Perez, and VRP Transportation Inc., were served with a citation on August 12, 2014, and filed their Original Answers on March 20, 2015. (Defendants indicate in their Notice of Removal in paragraph 2 that Marcelo Mora has not been served; however, Marcelo Mora has made an appearance in this matter. (*See filings of State Court Action.*)

3. This case is an automobile accident which occurred on or about August 1, 2012. All causes of action asserted by Plaintiff arise under Texas common law. Plaintiff files this motion to remand within thirty days of the date Defendants filed their notice of removal.

4.       The plaintiff's car was struck by a tractor trailer driven by the Defendant, Marcelo Mora and owned by Defendants Victor Perez and VRP Transportation, Inc.  The defendant, Marcelo Mora, failed to check his blind spot and changed lanes when unsafe.  (See Accident Report, attached as Exhibit "A.")   Plaintiff sustained injuries as a result of the accident.

5.       This Court is without jurisdiction to hear this case in that there is no diversity between the parties (which is admitted by Defendants) and the causes of action in this matter do not arise under federal law.  Specifically, Plaintiffs' Original Petition filed in the State Court Case does not allege any claims arising under federal law, but seeks relief solely for state-law claims under Texas law.  Accordingly, there is no claim apparent from the complaint sufficient to confer subject matter jurisdiction on this Court and the case should be remanded to the State Court Case.

## II.
## ARGUMENT AND AUTHORITIES

6.       Under 28 U.S.C. §§ 1332(a), federal courts have original jurisdiction over cases in which the adverse parties are citizens of different states and the amount in controversy exceeds $75,000.  The removing party bears the burden of showing that federal jurisdiction exists. ***Allen v. R & H Oil & Gas Co.,*** 63 F.3d 1326, 1335 (5th Cir. 1995).  Courts are to strictly construe the removal statutes in favor of remand, and any ambiguities are to be construed against removal. ***Manguno v. Prudential Prop. & Cas. Ins. Co.,*** 276 F.3d 720, 723 (5th Cir. 2002) (***citing Acuna v. Brown & Root, Inc.,*** 200 F.3d 335, 339 (5th Cir. 2000)).

### A.  Amount in Controversy

7.       Plaintiff has filed an Unopposed Motion for Leave to file his First Amended Original Complaint.  In the Amended Complaint, Plaintiff clarifies that he does not seek damages in excess of $75,000.  (*See Plaintiff's Unopposed Motion for Leave and Amended Complaint and attached Exhibit.*)

8. Should the Court grant Plaintiff leave to file the First Amended Original Complaint, the amount in controversy does not meet the statutory requirements of 28 USC §1332. As this requirement has not been met by Defendants, this case must be remanded to state court.

### B. No Complete Diversity of Citizenship

9. In the Notice of Removal, Defendants indicate that Defendants Marcelo Mora and Victor Perez are citizens of Mexico. (*See ¶8 of Defendants' Notice of Removal.*) Defendants fail to attach any evidence which proves that these Defendants are citizens of Mexico and not the United States.

10. The burden is upon Defendants to provide evidence that there is complete diversity of citizenship. Defendants have failed to do so and therefore the case should be remanded.

11. Even assuming that Defendants' assertion that Defendants Marcelo Mora and Victor Perez are citizens of Mexico is correct, Defendant VRP Transportation, Inc. is a Texas resident. (*Please see ¶8 of Defendants' Notice of Removal.*) This company is a defendant in the matter as the owner of the trailer involved in the accident made the basis of this lawsuit. As such, there is not complete diversity of citizenship between the parties and Plaintiff's Motion to Remand must be granted.

### C. No Improper Joinder of VRP Transportation, Inc.

12. Defendants acknowledge that Defendant VRP Transportation, Inc. ("VRP Transportation") is a Texas resident. (*See Id.*) However, Defendants claim that VRP Transportation was improperly joined in the litigation.

13. Under the legal standard for proving fraudulent joinder, Defendants would have to show ""that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's

pleadings of jurisdictional facts." ***Jernigan v. Ashland Oil, Inc.,*** 989 F.2d 812, 815 (5th Cir. 1993) (quoting ***B., Inc. v. Miller Brewing Co.,*** 663 F.2d 545, 549 (5th Cir. 1981)).  Moreover, Defendants bear the heavy burden of offering clear and convincing evidence to establish fraudulent joinder. ***Veltmann v. Crowley Maritime Corp.,*** 784 F.Supp. 366, 368 (E.D. Tex. 1992); *see also* ***Burden v. General Dynamics Corp.,*** 60 F.3d 213, 215 (5th Cir. 1995).  This Court must "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, [and] then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." ***Cavallini v. State Farm Mut. Auto Ins. Co.,*** 44 F.3d 256, 259 (5th Cir. 1995) ***(quoting Green v. Amerada Hess Corp.***, 707 F.2d 201, 205-06 (5th Cir. 1983)).  This Court need "not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." ***Dodson v. Spiliada Maritime Corp.,*** 951 F.2d 40, 42 (5th Cir. 1992).  Accordingly, this Court should order remand unless there is "absolutely no possibility" that Plaintiff may prevail against Defendant VRP Transportation.  ***See Sid Richardson Co. v. Interenergy Resources Ltd.,*** 99 F.2d 746, 751 (5th Cir. 1996) (***quoting Cavallini***, 44 F.3d at 259).

14. Defendants claim as the basis for improper joinder that the Plaintiff asserted that Defendant VRP Transportation was negligent in the operation of the motor vehicle on the date of the accident.  While this particular allegation may have been misasserted against this defendant, what Defendants failed to mention to the Court was that there were proper allegations against this defendant for claims of respondeat superior and negligent entrustment as this defendant was the owner of the trailer involved in the incident made the basis of this lawsuit. (Please see Plaintiff's Original Petition on file in this matter.)  Further, the amended complaint which Plaintiff seeks leave to file removes the allegation that Defendant VRP Transportation complains of.

15. The "burden of proving fraudulent joinder is a heavy one and unless it is clear that the non-diverse defendants have been fraudulently joined the case should be remanded to the state court from which it was removed." *McKee v. Kansas City Southern Ry. Co.,* 358 F.3d at 337 (5th Cir. 2004) *see also Davila v. American Home Products Corp.,* 2004 WL 557176 (W.D. Tex., Feb. 03, 2004). If the case is in an early stage, "simply pointing to the plaintiff's lack of evidence . . . is insufficient" to establish fraudulent joinder. *Travis v. Irby,* 326 F.3d 644 (5th Cir. 2003) at 650. The removing defendant "must put forward evidence that would negate a possibility of liability" as to the resident defendant. *Id.*

16. Defendants have failed to meet their heavy burden to prove that there is no possibility that Plaintiff will prevail in his allegations against VRP Transportation and that VRP Transportation was fraudulently joined in this matter. As such, this Court must grant Plaintiff's Motion to Remand.

### III.
### CONCLUSION

17. Defendants have the burden of proving that Defendant VRP Transportation was fraudulently joined in this litigation in order to establish subject matter jurisdiction over this case. Defendants have failed to do so. Since Defendants have not met their burden and the caselaw clearly indicates that this Court must "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, [and] then examine relevant state law and resolve all uncertainties in favor of the nonremoving party", this Court must remand this case back to state court.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jorge Guzman prays that the Court grant his Motion for Remand to State Court, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

R. Kent Livesay
**LAW OFFICES OF R. KENT LIVESAY, P.C.**
5319 South McColl Road
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Telecopier
State Bar No. 00790057
rpena@livesaylawfirm.com

And


/s/   Rebecca Vela
Rebecca Vela
State Bar No. 24008207

***ATTORNEYS FOR JORGE GUZMAN***


## CERTIFICATE OF CONFERENCE

I hereby certify that on this 1st day of May, 2015, the Law Office of R. Kent Livesay contacted counsel for Defendants regarding the Motion to Remand and they are opposed to this Motion.


*/s/ Rebecca Vela*_____
Rebecca Vela

**REQUEST FOR ORAL HEARING**

Movants Request an Oral Hearing on this Motion for Leave, if the Court deems it necessary.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means:

Darryl S. Vereen
Mounce, Green, Myers, Safi, Paxson & Galatzan, PC
P. O. Drawer 1977
El Paso, Texas 79950-1977

                                          /s/ Rebecca Vela_____
                                          Rebecca Vela