**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**JORGE GUZMAN,**

**Plaintiff,**

**v.**

**MARCELO MORA, VICTOR PEREZ and VRP TRANSPORTATION, INC.,**

**Defendants.**

§ § § § § § § § § § §

**EP-15-CV-00097-DCG**

## ORDER

Presently before the Court is Plaintiff Jorge Guzman's ("Plaintiff") "Motion to Remand Case to State Court" ("Motion") (ECF No. 9), filed on May 1, 2015. Defendants Marcelo Mora ("Mora"), Victor Perez ("Perez"), and VRP Transportation, Inc. ("VRP") (collectively, "Defendants") responded on May 11, 2015. *See* Resp., ECF No. 11. Also before the Court is Plaintiff's Unopposed Motion for Leave to File an Amended Complaint (ECF No. 10), filed on May 1, 2015. After carefully considering the Motion, relevant filings, and the applicable law, the Court enters the following order.

## I. BACKGROUND

Plaintiff filed his Original Petition in the County Court at Law 5, sitting in El Paso County, Texas, on July 29, 2014. *See* Original Pet. 1–8,[1] ECF No. 1. This matter arises from an automobile accident which occurred on or about August 1, 2012. *See id.* at 2. Plaintiff alleges that his vehicle was struck by a tractor trailer driven by Mora and owned by Perez and VRP. *See*

[1] Defendant's Notice of Removal, ECF No. 1 ("Notice") contains multiple documents, but the Court cites to each internal document's pagination, *e.g.*, Notice of Removal pages 8–15 correspond to Original Petition pages 1–8.

*id.* at 1, 4–7. As a result, Plaintiff makes various claims under state law against each defendant. *See id.* at 2–7.

Defendants timely removed the matter to federal court on April 1, 2015, based on diversity jurisdiction. *See* Notice 1; *see also* 28 U.S.C. § 1446(b) (stating that a party has thirty days to remove an action after receipt of initial pleading). Plaintiff now argues in the instant Motion that the action should be remanded to state court.

## II. LEGAL STANDARD

Removal of a state court action is proper only if it originally could have been filed in federal court. *See* 28 U.S.C. § 1441(a). "[F]ederal courts [have] jurisdiction to hear, originally or by removal from state court, only those cases in which a well–pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). To have federal subject matter jurisdiction, the cause of action must "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

District courts also have original jurisdiction in all civil actions where the matter in controversy "exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This is known as diversity jurisdiction. Jurisdiction under this statute requires "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Once a civil action is removed to federal court, a plaintiff may challenge the removal by filing a motion to remand pursuant to 28 U.S.C. § 1447(c). A party may make a motion to

remand on the basis of any defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice of removal under section 1446(b). *See* 28 U.S.C. § 1447(c). Any defect that does not involve the question of whether the case *originally* could have been brought in federal district court is merely a defect in removal procedure, rather than jurisdictional defect. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991).

Removal statutes are to be strictly construed against removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 n.13 (5th Cir. 1988). Any ambiguities in the pleadings are construed against removal and in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III. ANALYSIS

Defendant removed on the basis of diversity jurisdiction. *See* Notice 2–4. Plaintiff is a citizen of Texas for diversity jurisdiction purposes. *See* Original Pet. 1–2. Plaintiff alleges in his Original Petition that Mora and Perez are also citizens of Texas, and that VRP is an incorporated entity registered in Texas. *See id.* Defendants respond in their Notice that Mora and Perez are citizens of Mexico and that VRP was improperly joined in order to defeat diversity jurisdiction. *See* Notice 4–5. Accordingly, Defendants state that VRP should not be considered for the purpose of determining whether this Court has proper jurisdiction. *See id.* at 3–4.

Plaintiff argues that Defendants fail to carry their burden regarding the citizenships of Mora and Perez. *See* Mot. 3. Plaintiff also argues that VRP is properly joined and that the Court therefore lacks subject matter jurisdiction. *See id.* at 3–5. In addition, Plaintiff states that his proposed Amended Complaint divests the Court of jurisdiction because the amount in controversy does not meet the statutory requirements of 28 U.S.C. § 1332. *See id.* at 2–3.

Because the Court finds and remands the case on the basis that Defendants failed to substantiate their claim that Perez is a Mexican citizen and not a citizen of the United States residing in Texas, the Court will not consider Defendants' improper joinder argument or Plaintiff's Motion for Leave to File an Amended Complaint.

Plaintiff pleads in his Original Petition that Mora and Perez are residents of Texas. *See* Original Pet. 1. In their Notice, Defendants dispute that claim, stating that Mora and Perez are diverse because "Mora was, and still is a citizen of the Republic of Mexico . . . . [and] Perez was, and still is a citizen of Mexico." Notice 3–4. In response, Plaintiff argues in his Motion that "Defendants fail to attach any evidence which proves that [Mora and Perez] are citizens of Mexico and not the United States." Mot. 3.

Plaintiff is correct. Although Defendants supplied the Court with an affidavit from Mora in which Mora affirms that he is a citizen of Mexico who resides in Ciudad Juarez, Mexico, *see* Resp., Ex. 2, Defendants failed to provide the Court with a similar affidavit attesting to Perez's citizenship and residency. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("If [a defendant's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (stating that "the defendant bears the burden of actually proving the facts to support jurisdiction"). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). Defendants have failed to carry their burden and therefore the Court considers Perez's citizenship for diversity purposes according to Plaintiff's Original Petition, which states that Perez is a resident of Texas. Accordingly, there is not complete diversity and the Court lacks subject matter

jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Jorge Guzman's "Motion to Remand Case to State Court" (ECF No. 9) is **GRANTED**.

**IT IS ALSO ORDERED** that the instant action is **REMANDED** to the County Court at Law 5, sitting in El Paso County, Texas.

**IT IS FINALLY ORDERED** that the Clerk of the Court **MAIL** a certified copy of this Order to the County Clerk of El Paso County, Texas.

**So ORDERED and SIGNED this 6th day of August, 2015.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**